IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RICHARD A. McCURDY, JR., DANIEL L.      :
WOODALL, JR., SAMUEL STATEN, SR.,       :
ANTHONY DePAUL, JOHN R. SMITH, JR.,     :
WADE STEVENS, JR., JAMES F. SASSAMAN,   :      No.
ANTHONY SAMANGO JOSEPH BARILOTTI,       :
JAMES DAVIS, JAMES HARPER and           :
CHARLES TABOURN IN THEIR FIDUCIARY      :
CAPACITIES AS TRUSTEES OF THE           :
LABORERS   DISTRICT COUNCIL             :
CONSTRUCTION INDUSTRY PENSION FUND      :
                                        :
1361 Ridge Avenue                       :
Philadelphia, PA 19123        and       :
                                        :
THE LABORERS   DISTRICT COUNCIL         :
CONSTRUCTION INDUSTRY PENSION FUND      :
                                        :
1361 Ridge Avenue                       :
Philadelphia, PA 19123        and       :
                                        :
MELVIN BARNES, SR., ALTON EL,           :
SAMUEL STATEN, SR., JAMES N.            :
HARPER, DANIEL L. WOODALL, JR.,         :
JOSEPH BARILOTTI, WALTER P.             :
PALMER, III, WALTER P. PALMER, JR.      :
FRANCIS PIETRINI, MARK LORENZON         :
AND JAMES F. SASSAMAN, IN THEIR         :
FIDUCIARY CAPACITIES AS TRUSTEES        :
OF THE LABORERS   DISTRICT COUNCIL      :
BUILDING AND CONSTRUCTION               :
HEALTH AND WELFARE FUND                 :
                                        :
211 North 13th Street, 6th Floor        :
Philadelphia, PA 19107        and       :
                                        :
THE LABORERS   DISTRICT COUNCIL         :
BUILDING AND CONSTRUCTION               :
HEALTH AND WELFARE FUND                 :

211 North 13th Street, 6th Floor   :
Philadelphia, PA 19107        and  :
                                   :
DANIEL L. WOODALL, JR., WADE        :
STEVENS, JR., SAMUEL STATEN,SR.,    :
JAMES N. HARPER, WALTER PALMER,III, :
JOSEPH BARILOTTI, ALTON B. EL,      :
MELVIN BARNES, WALTER P. PALMER,    :
JR., FRANCIS DIETRINI, JUDSON F.    :
VOGDES and MARK LORENZON, IN THEIR  :
FIDUCIARY CAPACITIES AS TRUSTEES    :
OF THE LABORERS  DISTRICT COUNCIL   :
EDUCATION AND TRAINING FUND         :
                                    :
1361 Ridge Avenue                   :
Philadelphia, PA 19123        and   :
                                    :
THE LABORERS  DISTRICT COUNCIL      :
EDUCATION AND TRAINING FUND         :
                                    :
1361 Ridge Avenue                   :
Philadelphia, PA 19123        and   :
                                    :
JAMES R. DAVIS, JAMES F.            :
SASSAMAN, DANIEL WOODALL, JR. AND   :
SAMUEL STATEN, SR. IN THEIR         :
FIDUCIARY CAPACITIES AS TRUSTEES    :
OF THE LABORERS  DISTRICT COUNCIL   :
PREPAID LEGAL FUND                  :
                                    :
661 North Broad Street              :
Philadelphia, PA 19123        and   :
                                    :
THE LABORERS  DISTRICT COUNCIL      :
PREPAID LEGAL PLAN                  :
                                    :
661 North Broad Street              :
Philadelphia, PA 19123        and   :

2

```
THE LABORERS   DISTRICT COUNCIL    :
OF THE METROPOLITAN AREA OF        :
PHILADELPHIA AND VICINITY          :
LABORERS   INTERNATIONAL UNION     :
OF NORTH AMERICA, WADE STEVENS, JR.:
AS TRUSTEE AD LITEM                :
                                   :
665 North Broad Street             :
Philadelphia, PA 19123       and   :
                                   :
JAMES HARPER, SAMUEL STATEN, SR.,  :
WADE STEVENS, JR., DANIEL L.       :
WOODALL, JR., THOMAS E. CURRY,     :
ROBERT E. LAVELLE, SR., JOSEPH     :
BARILOTTI and HARRY I. HOPKINS,    :
IN THEIR FIDUCIARY CAPACITIES AS   :
TRUSTEES OF THE LABORERS  -        :
EMPLOYERS   COOPERATION AND        :
EDUCATION TRUST                    :
                                   :
1500 Walnut Street, Suite 1304     :
Philadelphia, PA 19103       and   :
                                   :
ROBERT E. LAVELLE and SAMUEL       :
STATEN, SR., IN THEIR FIDUCIARY    :
CAPACITIES AS TRUSTEES OF          :
LABORERS   DISTRICT COUNCIL LOCAL  :
REGIONAL, AND STATE HEALTH AND     :
SAFETY BENEFIT FUND                :
                                   :
1500 Walnut Street, Suite 1304     :
Philadelphia, PA 19103       and   :
                                   :
LABORERS   DISTRICT COUNCIL LOCAL  :
REGIONAL, AND STATE HEALTH AND     :
SAFETY BENEFIT FUND                :
                                   :
1500 Walnut Street, Suite 1304     :
Philadelphia, PA 19103       and   :
```

3

```
GENERAL BUILDING CONTRACTORS        :
ASSOCIATION                         :
36 South 18th Street                :
Philadelphia, PA                    :
                                    :
36 South 18th Street                :
Philadelphia, PA 19103              :
```

**Plaintiffs**

```
        vs.                         :
                                    :
NEWPORT CONTRACTORS, INC.           :
340 North 12th Street, Suite 400    :
Philadelphia, PA 19107              :
```

**Defendant**

**COMPLAINT**

**I.   JURISDICTION AND VENUE**

1.     This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(a), 1132, 1145.

2.     A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury of the United States by Certified Mail.

3.     This Court is one of proper venue pursuant to 29 U.S.C. §§ 185(a) or 1132(e).

**II.   PARTIES**

4.     The Laborers  District Council Construction Industry Pension Fund (hereinafter referred to as  Pension Fund ) is a

4

trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C.§§ 1002(1) and (3), which is maintained for the purpose of providing pension and retirement benefits to eligible participants.  The Pension Fund qualifies to commence this action under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(D)(1).

5.   Richard A. McCurdy, Jr., Daniel L. Woodall, Jr., Samuel Staten, Sr., Anthony DePaul, Wade Stevens, Jr., James F. Sassaman, Anthony Samango Joseph Barilotti, James R. Davis, James Harper and Charles Tabourn (hereinafter referred to as  Pension Fund Trustees ) are fiduciaries within the meaning of §§ 2(21)(A) and (g) of ERISA, 29 U.S.C., § 1132(a)(3).

6.   Plaintiff, Laborers  District Council Building and Construction Health and Welfare Fund (hereinafter referred to as  Health and Welfare Fund ), is a trust fund established and maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1) and (3), which is maintained for the purpose of providing health benefits and other welfare benefits to eligible participants.  The Health and Welfare Fund qualifies to commence

this action under § 502(d)(1) of ERISA, 29 U.S.C. 1132(D)(1).

7.    Wade Stevens, Jr., Melvin Barnes, Sr., Alton B. El, Samuel Staten, Sr., James N. Harper, Daniel L. Woodall, Jr., Joseph Barilotti, Walter P. Palmer, III, Walter P. Palmer, Jr., Francis Pietrini, Mark Lorenzon and Judson F. Vogdes (hereinafter referred to as  Health and Welfare Fund Trustees ), are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. §§ 1132(A)(3) and (g), respectively.

8.    The Laborers  District Council Education and Training Fund (hereinafter referred to as  Training Fund ), is a trust fund established and maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. 186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. § 1132(d)(1).

9.    Daniel L. Woodall, Jr., Willie Bright, Richard A. McCurdy, Jr., Wade Stevens, Jr., Samuel Staten, Sr., James Harper, James R. Davis, Walter P. Palmer, Anthony Samango, James Davis and Joseph Barilotti (hereinafter referred to as  Training Fund Trustees ), are fiduciaries within the meaning of §1132 (a)(3) and (g), respectively.

10.    The Laborers  District Council Prepaid Legal Fund (hereinafter referred to as  Legal Fund ), is a trust fund

established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1) and (3), which is maintained for the purpose of providing prepaid legal benefits to eligible participants. The Legal Fund qualifies to commence this action under § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

11.  James R. Davis, James F. Sassaman, Daniel L. Woodall, Jr. and Samuel Staten, Sr. (hereinafter referred to as  Legal Fund Trustees  ) are fiduciaries within the meaning of  §3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  As such, the Legal Fund Trustees are qualified to commence this action under  §§502(a)(3) and (g) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g), respectively.

12.  Plaintiff, Laborers  District Council of the Metropolitan Area of Philadelphia and vicinity, Laborers International Union of North America (hereinafter referred to as the  Union  ), is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining. Wade Stevens, Jr. is Business Manager of the Union and is duly authorized to serve as Trustee Ad Litem for the purpose of these proceedings.

13.  Plaintiff, Laborers  -Employers Cooperation and Education Trust (hereinafter   LECET  ) is a trust fund established and maintained pursuant to §§ 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5), and is an employee benefit plan established and maintained pursuant to §§ 3(1) and (3) of ERISA, 29 U.S.C. § 1132(d)(1).

14.  James Harper, Samuel Staten, Sr., Wade Stevens, Jr., Daniel L. Woodall, Jr., Thomas E. Curry, Robert Lavelle, Sr., Joseph Barilotti and Harry I. Hopkins (hereinafter referred to as  LECET Trustees  ) are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002 (21)(A).  As such, the LECET Trustees are qualified to commence this action pursuant to §§502(a)(3) and (g) of ERISA, 29 U.S.C. § 1132(a)(3) and (G), respectively.

15.  Plaintiffs, Robert E. Lavelle and Samuel Staten, Sr. (hereinafter referred to as  Health and Safety Fund Trustees  ) are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  As such, the Health and Safety Benefit Fund Trustees are qualified to commence this action pursuant to §§ 502(a)(3) and (g) of ERISA, 29 U.S.C. § 1132(a)(3) and (G), respectively.

16.  Plaintiff, General Building Contractors Association is a non-profit corporation representing employers in the commercial and institutional construction industry for the purpose of collective bargaining.

17.   Defendant, Newport Contractors, Inc. (hereinafter referred to as   Newport  ,   Employer   or   Defendant  ) is an employer in and affecting commerce within the meaning of §§ 3(5),(11) and (12) of ERISA, 29 U.S.C. §§ 1002(5),(11) and (12) and Sections (6) and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §152(2)(6) and (7) (hereinafter referred to as the   N.L.R.A.  ).

18.   Defendant, Newport, is a corporation authorized to conduct business in the Commonwealth of Pennsylvania.  Defendant maintains its primary place of business at 340 North 12th Street, Suite 400, Philadelphia, PA 19107.

### III.   STATEMENT OF THE CLAIM

19.   At all times relevant, Defendant, Newport and Plaintiff, Union have been parties to a Collective Bargaining Agreement.

20.   The Defendant, Newport, also signed and/or agreed to abide by the terms of the agreements and declarations of trust of the Plaintiff Funds, as from time to time amended (  Trust Agreements  ) made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

9

21.   The Collective Bargaining Agreement contains provisions whereby Defendant, Newport, was required to deduct designated amounts for Union working dues and make contributions to the Laborers   District Council Pension Fund, Health and Welfare Fund, Education and Training Fund, Prepaid Legal Fund and Health and Safety Benefit Fund on behalf of all employees covered by the Collective Bargaining Agreement and was required to pay such amounts to the Union and Funds.

22.   Under the Labor Contract or Trust Agreements, Defendant agreed:

> a.   to make full and timely payments on a monthly basis to the Funds, Union and Industry Advancement Program as required by the Labor Contracts;
>
> b.   to file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;
>
> c.   to produce upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company   s records

10

concerning its obligations to the Funds and Union; and

d.   to pay liquidated damages and all costs of litigation, including attorneys fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company s failure to comply with its contractual obligations described in subparagraphs (a), (b) and (c) above.

22.   In accordance with their duty and rights conferred by contract and applicable law, Plaintiffs notified Defendant of the need to conduct an examination of its payroll records ( audit ) for the period beginning January 1, 2001 through the present and undertook efforts for over one year to accomplish same.  During such period, Defendant failed to cooperate with scheduled audit dates, access to materials and otherwise thwarted Plaintiffs efforts.

23.   Notwithstanding such efforts, Defendant has failed and refused to permit Plaintiffs to conduct a payroll audit.

24.   Upon information and belief, Defendant has failed to make payment of contributions on behalf of individuals performing covered employment within the meaning of the collective bargaining agreement.

11

25.  All delinquent contributions herein have remained unpaid for more than thirty (30) days beyond the date on which they were due pursuant to the terms of the Collective Bargaining Agreement and Trust agreements.

26.  This action is brought by the fiduciaries of the above Funds pursuant to §502(g)(2), 29 U.S.C. §1132(g)(2) to enforce §515 of ERISA, 29 U.S.C. §1145, pursuant to which the Court is directed to award all unpaid contributions, interest and liquidated damages up to or exceeding twenty per cent, reasonable attorney s fees, court costs, and any other fees or relief which the Court deems appropriate.

27.  Under the terms of the Collective Bargaining Agreement, Defendant, Newport, is contractually obligated to pay liquidated damages, counsel fees, audit costs and interest.

**IV.  AUDIT/ACCOUNTING**

28.  The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29.  The amount of contributions Defendant is required to pay to the Funds and Union is based upon hours worked and wages paid to the employees performing work covered by the Labor Contract.

30.   The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant s delinquency for the period subsequent to January 1, 2001 through and including the present, since the books, records and information necessary to determine such liability are in the exclusive possession, custody, control or knowledge of the Defendant.

31.   Computation of the precise amount of an employer s delinquency is ordinarily achieved by an audit of the employer s books and records and/or calculated from contractually required remittance reports submitted by the employer.

32.   Because of Defendant s failure and refusal to participate in a payroll audit, Plaintiffs do not have sufficient information at the present time to calculate the amount of any deficiency from January 1, 2001 through the present.

33.   Defendant is required by the Labor Contract, Trust Agreements and/or applicable law to permit the Funds to audit its records and to cooperate with the Funds in determining the amount of contributions due.

34.  Plaintiffs have no adequate remedy at law for the calculation of damages suffered from January 1, 2001 through and including the present as a result of Defendant  s breach of its obligations and therefore require an audit.

35.  All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Fund and Union Plaintiffs ask that the Court:

(1)  Enjoin the Defendant, its affiliated organizations/entities, officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records from January 1, 2001 through the present under the actual or constructive control of the defendant, and in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due; and

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

14

## V.   CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT
### ALL PLAINTIFFS v. DEFENDANT

36. The allegations of Paragraphs 1 through 35 are incorporated by reference as if fully restated.

37. Defendant has failed to make contributions to the Funds and Union as required by the Labor Contract or Trust Agreements.

38. Plaintiffs have been damaged by the failure of Defendant to make contributions as required by its Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Defendant and in favor of the Plaintiffs individually for the amount of contributions found due and owing by an audit, together with liquidated damages, interest and costs, including reasonable audit fees and attorneys fees incurred in this action or in the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements; and

(2) Grant such other relief, legal or equitable, as may be just, necessary or appropriate.

15

## VI.   CONTRIBUTIONS UNDER ERISA AFTER AUDIT
## FUND PLAINTIFFS v. DEFENDANT

39.  The allegations of Paragraphs 1 through 38 are incorporated by reference as if fully restated.

40.  On information and belief, Defendant has failed to make contributions to the Funds in violation of 29 U.S.C. §1145.

41.  The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant s delinquency for the period January 1, 2001 through the present, since the books, records and information necessary to determine this liability are within the possession, control and knowledge of the Defendant.

42.  On information and belief, the Plaintiff Funds have been damaged by Defendant s violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that this Court:

(1)  After an audit, enter judgment against the Defendant, and in favor of the Plaintiff Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed in 26 U.S.C. §6621 from the due date of the payment until the date of the actual payment, liquidated damages equal to

16

the greater of the interest on the unpaid contributions
or liquidated damages provided by the Plan document or
statute and reasonable audit fees and attorneys  fees
and costs incurred in connection with any proceedings
to enforce or collect any judgment; and

(2) Grant such other or further relief, legal or equitable,
as may be just, necessary or appropriate.

                    **MASTERSON, BRAUNFELD
                        & MILNER, LLP**


        By:  _____
                    Nancy L. Goldstein, Esquire
                    Attorney for the Plaintiffs
                    702, One Montgomery Plaza
                    Norristown, PA 19401
                    (610) 277-1700 (phone)
                    (610) 277-9979 (facsimile)

**Dated:**

### **CERTIFICATE OF SERVICE**

Nancy L. Goldstein, Esquire, hereby certifies that a true and correct copy of the foregoing Complaint has been served by Certified Mail, as required by § 502(h) of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) on the date listed herein, upon the following:

> Secretary of the Treasury
> Internal Revenue Service
> 1111 Constitution Ave., NW
> Washington, D.C. 20224
> Attn: T:EP

and

> Secretary of Labor
> 200 Constitution Ave.
> Washington, D.C. 20002
> Attn:  Assistant Solicitor
>        for Benefits Security

**MASTERSON, BRAUNFELD
& MILNER, LLP**

By: _____
    Nancy L. Goldstein, Esquire
    Attorney for Plaintiffs

DATE: